UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,       :       CASE NO. 1:04CR580
:
       Plaintiff,       :
:
vs.       :       OPINION AND MEMORANDUM
:       [Resolving Doc. No. 205]
NATHANIEL GRAY, et al.,       :
:
       Defendants.       :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Pending before the Court is Defendant Nathaniel Gray's Motion for Separate Trial on Count 45. [Doc. 205]. The Government opposes Gray's motion. [Doc. 244]. With his motion, Gray asks that the Court grant him two trials -- one on the charge of evasion of payment of income taxes in Count 45 of the indictment, and another on the various RICO conspiracy, Hobbs Act conspiracy, Hobbs Act violations, and honest services mail and wire fraud charges in Counts 1 to 45. For the reasons discussed below, the Court **GRANTS** Gray's Motion for Separate Trial.

### I. Background

    The superseding indictment [Doc. 37] charges six defendants with various crimes. Two of the six defendants, Brent Jividen and Ricardo Teamor, have pled guilty. The four remaining defendants are Nathaniel Gray, Gilbert Jackson, Joseph Jones, and Monique McGilbra.

    The superseding indictment charges the six defendants with the following crimes:

Case No. 1:04CR580
Gwin, J.

>Nathaniel Gray: RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a) (Counts 2, 23, 26, 41); violation of the Hobbs Act, 18 U.S.C. §§ 1951, 2 (Counts 3-9, 24, 27-31); honest services mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1346, 2 (Counts 10-22, 25, 32-40, 42-44); evasion of payment of income taxes, in violation of 26 U.S.C. §§ 7201, 2 (Count 45).
>
>Gilbert Jackson: RICO conspiracy (Count 1); Hobbs Act conspiracy (Counts 26, 41); violation of the Hobbs Act (Count 28); honest services mail and wire fraud (Counts 32-40, 42-44).
>
>Brent Jividen: RICO conspiracy (Count 1): Hobbs Act conspiracy (Count 26); violation of the Hobbs Act (Counts 27, 28); honest services mail and wire fraud (Counts 32-40).
>
>Joseph Jones: Hobbs Act conspiracy (Count 23); violation of the Hobbs Act (Count 24); honest services mail and wire fraud (Count 25).
>
>Monique McGilbra: Hobbs Act conspiracy (Count 26); violation of the Hobbs Act (Counts 27-29); honest services mail and wire fraud (Counts 32-39).
>
>Ricardo Teamor: RICO conspiracy (Count 1); Hobbs Act conspiracy (Count 23); violation of the Hobbs Act (Count 24); honest services mail and wire fraud (Count 25).

Gray is a Cleveland area businessman whose business interests include ETNA Associates, Inc., ETNA Parking, Inc., Nate's Shell, Gray Realty, Inc., ETNA Paper and Business Supply, Inc., C. Gray, Inc., the Beachwood License Bureau, and the Richmond-Emery License Bureau. In December 1990, Gray was convicted of tax evasion for the years 1982, 1983, and 1984.

The charges in the superseding indictment revolve around an alleged corruption scheme that began in the mid-1990s and involved bribing various government officials to secure government contracts in four cities: Cleveland, East Cleveland, Houston, and New Orleans. Count 1 charges Gray, Jackson, and Jividen

Case No. 1:04CR580
Gwin, J.

with engaging in a RICO conspiracy. Those three defendants allegedly worked together and with unindicted co-conspirators to secure government contracts for Jividen's employer, Jackson's employer, various businesses Gray owns, and clients of Gray's consulting business.

The Government charges the schemes within each city as conspiracies to violate the Hobbs Act, Hobbs Act violations, and honest services mail and wire fraud. The Government alleges the acts establishing the Hobbs Act violations and the honest services fraud as overt acts in furtherance of the RICO conspiracy.

Gray is the only defendant named in Count 45 of the indictment. That count charges Gray with evasion of payment of income taxes in violation of Title 26, United States Code, sections 7201 and 2. The Government alleges that beginning near December 13, 1990, Gray attempted to evade payment of income taxes for the calendar years 1982 through 1990. Various businesses that Gray owned or controlled allegedly owed the taxes. The total amount of the alleged unpaid taxes was $1,587,830.98. The Government alleges that Gray hid the extent of his income and assets by (1) engaging in the overt acts in furtherance of the alleged RICO conspiracy, as alleged in paragraph 12-160 of the indictment, (2) placing funds and assets in the names of nominees, and (3) providing false financial statements to the Internal Revenue Service.

In his Motion for Separate Trial, Defendant Gray asks that the Court sever the tax count from the other counts because Gray will suffer undue prejudice if tried together on all counts. The Government opposes Gray's motion.

Case No. 1:04CR580
Gwin, J.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Rule 14(a) of the Federal Rules of Criminal Procedure further provides:

> If the joinder of offenses or defendants in an indictment, information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Whether to grant a motion for a separate trial is a matter committed to the Court's discretion. *United States v. Wirsing*, 719 F.2d 859, 864 (6th Cir. 1983). In exercising this discretion, the Court considers "all the relevant circumstances," including a "balancing of the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial." *Id.* at 864-65 (citation omitted). The Sixth Circuit follows the rule that "when the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001).

To justify severance of criminal counts under Fed. R. Crim. P. 14(a), "the defendant must establish substantial, compelling prejudice." *United States v. Kirkpatrick*, No. 97-5583, 1998 U.S. App. LEXIS 30755, at *19 (6th Cir. Dec. 1, 1998). Once a defendant establishes such prejudice, the Court must balance the risks to the defendant against society's interest in judicial efficiency and avoiding duplicative litigation. *United States v. Wells*, 293 F.3d, 959, 966-67 (6th Cir. 2002).

Case No. 1:04CR580
Gwin, J.

### III. Analysis

Gray argues that the Government misjoined the tax charge with the other charges, and that a separate trial on the tax charge is necessary to avoid undue prejudice. The Government responds that joinder of the tax charge was proper under Fed. R. Crim. P. 8(a) and that Gray does not demonstrate specific and compelling prejudice requiring a separate trial. While the Court agrees that joinder of the tax charge was proper, severance is necessary under Fed. R. Crim. P. 14(a) to avoid substantial and compelling prejudice to Gray's trial rights.

*A. Misjoinder*

Joinder of the tax and non-tax counts was permissible under Fed. R. Crim. P. 8(a). The Sixth Circuit's decision in *Wirsing* is on point. There, the Sixth Circuit found that joinder of a tax evasion charge with various drug offenses was proper Rule 8(a). In reaching its decision, the court found the defendant's unreported income resulted from the underlying drug conspiracy, and that evidence on the tax count and the drug offenses significantly overlapped. *Wirsing*, 719 F.2d at 863. Under those circumstances, the Government "establish[ed] a nexus between the drug charges and the tax evasion charges." *Id.*

The defendant in *Wirsing* argued that joinder was impermissible because evidence of the tax evasion charges would have been inadmissible in a separate trial on the drug charges. The Court disagreed, finding that "Rule 8(a) does not require that all evidence relating to each charge be admissible in separate trials." *Id.* at 864. Instead, the Court held that "when the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *Id.* (quoting *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981)).

Case No. 1:04CR580
Gwin, J.

Unlike *Wirsing*, the tax charge has little relation to the other counts of the superceding indictment. The Government alleges that Gray suffered a conviction in 1990 for evading taxes in tax years 1982, 1983, and 1984. [Doc. 37 at 65, ¶ 5]. Count 45 alleges that Gray failed to pay the restitution ordered in the 1990 case, despite having monies available to do so. Id. at 65. Although Gray failed to make payments on his tax liability during the offense conduct alleged in this case, the liability does not derive from the illegal activities otherwise alleged in this case. It results from the failur to pay taxes owed for 1982, 1983, and 1984. [Doc. 244 at 11]. The Government thus shows little logical relationship between the tax charge and the other charges.

The Government says that the evidence supporting the tax charge substantially overlaps with evidence of the remaining charges. Specifically, the Government would present evidence of Gray's income from the criminal activities alleged in Counts 1 to 44 to show that Gray had sufficient funds to pay his past-due tax debts. Under this theory, the Government could not make its tax case without presenting evidence of the alleged criminal conspiracy. Even if some evidence of the tax offense would not be admissible at a separate trial on the non-tax offenses, the Sixth Circuit requires only a substantial, and not a complete, overlap of evidence. *Wirsing*, 719 F.2d 864. Here, the overlap is only minimally sufficient to make joinder permissible under Fed. R. Crim. P. 8(a).

*B. Prejudice*

Although joinder of the tax charge was narrowly permissible under Fed. R. Crim. P. 8(a), a separate trial of the tax count is necessary to avoid undue prejudice to Gray's trial rights.

As discussed above, there is substantial overlap in the evidence of the tax charge and the remaining

Case No. 1:04CR580
Gwin, J.

charges. However, in deciding the tax charge the jury will necessarily review a large amount of materials relative to Gray's ability to pay his taxes that would not otherwise be admissible at trial on the other charges. Evidence of Gray's ability to pay, presumably including an extensive review of Gray's assets and liabilities, would cause substantial and compelling prejudice to Gray's right to a fair trial on the non-tax charges.

Additionally, to prove the tax charge the Government will necessarily offer evidence of Gray's unpaid tax debt. The Government anticipates that such evidence poses a risk of prejudice on the non-tax charges, and offers to enter into a stipulation "whereby the jury is informed of Gray's tax debt without being told of his 1990 conviction." [Doc. 244 at 14]. Although the Government characterizes the amount of Gray's debt as "undisputed," *id.* at 3, Gray has made no such concession before the Court. Requiring Gray to face trial on the tax count and the non-tax counts would thus place him in the position of either (a) stipulating to a large unpaid tax debt or (b) contesting the debt and effectively permitting the Government to present evidence of his earlier tax conviction. Either way, facing a joint trial on the tax and non-tax counts would create significant and compelling prejudice to Gray's trial rights.

Granting Gray a separate trial on the tax charge would require the Government to put on two trials with overlapping evidence. The Court understands that a second trial would consume additional public resources. Even so, the significant prejudice to Gray's trial rights outweighs the added burden on the courts and the prosecutors.

IV. Conclusion

For these reasons, the Court **GRANTS** Defendant Gray's Motion for Separate Trial on Count

-7-

Case No. 1:04CR580
Gwin, J.

45.

    IT IS SO ORDERED.


Dated: May 3, 2005                      s/ *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

Case: 1:04-cr-00580-JG Doc #: 258 Filed: 05/03/05 8 of 8. PageID #: 1244