IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:04CR580 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL GRAY, | ) | UNITED STATES' REQUEST TO STAY |
| | ) | REVIEW OF DEFENDANT'S MOTION |
| Defendant. | ) | FOR RELEASE |

## I. INTRODUCTION

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Megan R. Miller, Assistant United States Attorney, respectfully moves for a stay of this Court's consideration of Defendant Nathaniel Gray's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(1) or, in the alternative, placement in the Elderly Offender Home Detention Program under 34 U.S.C. § 60541(g). (R. 714: Motion for Release, PageID 3882-3920). The government asks for a stay of 90 days after the filing of the defendant's motion, or until completion of administrative review by the Bureau of Prisons ("BOP") of the defendant's request, whichever is earlier. This stay will permit a thorough review of the matter by the expert agency and, regardless of whether the BOP ultimately supports the request, will greatly aid this Court's consideration of the matter.

**II.     APPLICABLE LAW**

    A.     <u>Compassionate Release</u>

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons," consistent with applicable policy statements of the Sentencing Commission. The pertinent policy statement, U.S.S.G. § 1B1.13, defines specific medical, age, and family circumstances as possibly justifying a sentencing reduction under this statute, and further authorizes a sentencing reduction based on an extraordinary and compelling circumstance identified by the BOP.

The statute, adopted as part of the Sentencing Reform Act of 1984, originally permitted judicial relief only upon a motion by the Director of the BOP. The provision was amended by Section 603(b) of the First Step Act, effective December 21, 2018. Under the statute as amended, the court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

    B.     <u>Elderly Offender Home Detention Program</u>

The Second Chance Act of 2007, 34 U.S.C. § 60541(g), authorized the Attorney General to create a pilot program for fiscal years 2009 and 2010 to consider the release of elderly inmates to home detention. Section 504(b) of the First Step Act reauthorized this program for fiscal years 2019 through 2023. The Act broadened the definition of "elderly" inmates who may be eligible under a pilot program to individuals: (i) who are at least 60 years old; and (ii) have served the greater of 10 years or two-thirds of their sentence. Congress also created a new

category of inmates who may be eligible for release to home detention under the Act: "terminally ill offenders." *See* 34 U.S.C. § 60541(g)(5)(D). Under the statute as amended, the Attorney General may provide for home detention "upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender."

### III. ANALYSIS

In this matter, Defendant Nathaniel Gray presented his request for early release to the warden of FCI Gilmer on or about January 7, 2019. (R. 714: Motion, PageID 3883). He filed his motion in this Court on May 15, 2019. The BOP's review of the defendant's request is proceeding. That review is extensive and requires additional time for completion.

The BOP, consistent with its historic practice, appropriately and necessarily evaluates numerous factors and solicits input from relevant offices before making a final determination. Before approving such a request, pursuant to agency policy and Department regulation, the BOP conducts a thorough evaluation of the circumstances underlying the request, including gathering and assessing all pertinent institutional, medical, and other personal records. The review is conducted by the warden of the institution where the inmate is confined; the BOP General Counsel; the BOP Medical Director and/or the Assistant Director of the Correctional Programs Division, depending on the nature of the request; and ultimately the Director of the BOP. *See* 28 C.F.R. § 571.62(a); *see also* BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

The General Counsel may also solicit the opinion of the United States Attorney in the district in which the inmate was sentenced. *See* 28 C.F.R. § 571.62(a)(2). Similarly, where an inmate's term of imprisonment is followed by a period of supervised release, the agency contacts

the United States Probation Office for the district to which the inmate would be released to ensure the proposed release plan required by 28 C.F.R. § 571.61(a)(2) is appropriate and the location to which the inmate would be released comports with the terms of the inmate's supervised release.  *See* BOP Program Statement 5050.50 at 14.

These reviews are conducted to ensure that the inmate's request comports with applicable law, policy statements of the Sentencing Commission, and the BOP's program statements.  The BOP's evaluation includes whether the inmate's request reflects extraordinary and compelling circumstances; whether the inmate's early release would unduly minimize the severity of the inmate's offense; and whether the inmate's early release would unduly jeopardize public safety, all of which are factors that the Court also must take into account in evaluating such a request.

The BOP endeavors to complete this review without undue delay, and in the case of requests made on the basis of the inmate's medical condition, the agency expedites the review.  *See* 28 C.F.R. § 571.62(c).  Nevertheless, given the thorough nature of the reviews required by the agency, by the relevant United States Attorney's Office, and/or by the relevant United States Probation Office, the review process takes a reasonable amount of time before the agency can properly conclude whether the reduction of an inmate's court-ordered term of imprisonment is warranted.

The government seeks a stay in this matter to permit the administrative process to continue.  This Court will benefit from the BOP's expert and thorough review of the request for release.  As the agency that sees and evaluates these requests, the BOP has the greatest expertise in this area and is in the best position to gather all of the materials needed for thorough evaluation of the request.  Its efforts should therefore significantly benefit the Court.  Moreover,

should the BOP decide to support the request for release, the evidentiary record that the BOP compiles will greatly streamline the matter before the Court.

**IV.  CONCLUSION**

For these reasons, the government respectfully requests that this Court stay consideration of the defendant's request for early release for a period of 90 days after the filing of the defendant's motion, or until the BOP completes the administrative review of the defendant's request, whichever is earlier.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Megan R. Miller
Megan R. Miller (OH: 0085522)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3855
(216) 522-8355 (facsimile)
Megan.R.Miller@usdoj.gov

5

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Megan R. Miller
Megan R. Miller
Assistant U.S. Attorney