IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:04CR580 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL GRAY, | ) | SECOND STATUS UPDATE |
| | ) | |
| Defendant. | ) | |

      The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Megan R. Miller, Assistant United States Attorney, hereby submits a second status update specifically regarding Defendant Nathaniel Gray's Request for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) in accordance with this Court's Order dated September 17, 2019.

      Undersigned counsel spoke with CMC David Smith of FCI Gilmer on September 19, 2019.  CMC Smith represented that Gray did not meet any of the possible bases for finding extraordinary and compelling circumstances warranting compassionate release or a reduction in sentence.  Specifically, in making this determination, the BOP follows BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence:  Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g) ("Program Statement") (attached hereto as Exhibit A).

Per this BOP guidance, as well as United States Sentencing Guideline § 1B1.13, the criteria for a reduction in sentence or compassionate release include the following:

- A terminal illness or debilitating medical condition;
- Unique family circumstances; and
- Age.

*See* Program Statement, Pages 4-7; *see also* U.S.S.G. § 1B1.13, App. N. 1.

On its face, the BOP determined that Gray's request for compassionate release did not satisfy any of these categories. First, Gray did not allege a terminal illness or serious medical condition. An inmate with a terminal medical condition is an inmate who has been diagnosed with a terminal, incurable disease and whose life expectancy is 18 months or less. An inmate with a debilitating medical condition is an inmate who has an incurable, progressive illness or who has suffered a debilitating injury from which he or she will not recover, resulting in complete disability or extremely limited self-care. *See* Program Statement, Pages 4-5; *see also* U.S.S.G. § 1B1.13, App. N. 1(A). While Gray raised "a few medical conditions"—knee pain, sciatica pain, high blood pressure, and atrial fibrillation—Gray has not established that these conditions rise to the severity of the serious or terminal conditions contemplated in the BOP Program Statement or U.S. Sentencing Guidelines that would entitle him to compassionate release. (*See* R. 714-1: Motion for Compassionate Release, PageID 3888).

Gray also did not allege any unique family circumstances, such as the death or incapacitation of a family member or a caregiver of the inmate's minor child. *See* Program Statement, Page 7-9; *see also* U.S.S.G. § 1B1.13, App. N. 1(C). Indeed, Gray identified in his request that his two daughters are adults. (*See* R. 714-1: Motion for Compassionate Release, PageID 3888).

Finally, Gray's request was premature under the final category for compassionate release—age.  To qualify for compassionate release under this provision, the defendant must be: (i) at least 65 years old; (ii) experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) at least 10 years or 75 percent through his or her term of imprisonment.  *See* Program Statement, Page 6; *see also* U.S.S.G. § 1B1.13, App. N. 1(B).  On its face, Gray's request failed to satisfy these elements:  Gray identified in his request that he was 60 years old.  (*See* R. 714-1: Motion for Compassionate Release, PageID 3888).  Gray is currently 61, and thus does not qualify for compassionate release under this provision.

Because Gray did not satisfy any of the criteria for extraordinary and compelling circumstances that would warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the BOP construed his request as a request for entry into the Elderly Offender Pilot Program.  As detailed in the government's previous Status Update, (R. 732: U.S. First Status Update, PageID 3980-82), Gray was accepted into this program and released to home confinement as of June 18, 2019.  Gray's term of home confinement will expire on February 9, 2020.  Because: (i) Gray did not demonstrate extraordinary and compelling circumstances warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i); and (ii) the BOP determined that Gray qualified for the Elderly Offender Pilot Program under the First Step Act and has released Gray to home confinement based on that determination, the BOP will take no further action regarding Gray's request.

Recognizing that 18 U.S.C. § 3582(c)(1)(A)(i) permits this Court to reduce a term of imprisonment after a defendant has exhausted his administrative rights, the government respectfully submits that Gray cannot demonstrate any circumstances—let alone extraordinary and compelling ones—to warrant compassionate release from this Court.  Consistent with the

BOP's previous determination, Gray cannot satisfy any of the enumerated criteria in the Program Statement or the Sentencing Guidelines.  Nor can Gray identify any other circumstances that warrant compassionate release.  Gray's request focused mostly on the "empathy and compassion" that his prison record demonstrates and his regret for his offense conduct.  (R. 714-1: Motion for Compassionate Release, PageID 3888).  While commendable, these traits simply do not give rise to the type of extraordinary and compelling circumstances contemplated by the statute, the BOP Program Statement, or the Sentencing Guidelines.  Notably, Application Note 3 to U.S.S.G. § 1B1.13 provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release.

Moreover, Gray has already received the benefit of home confinement versus traditional incarceration through the BOP's placement of him in the Elderly Offender Pilot Program.  Indeed, Gray's request for release focused largely on his desire to be "back home" with his children, (R. 714-1: Motion for Compassionate Release, PageID 3888), which has already been borne out by his placement in this program.  Instead of being confined in FCI Gilmer in West Virginia, Gray now resides at his own home in Shaker Heights.  This permits him to be closer to his family, and Gray also has apparently been able to obtain and maintain employment since his return home.  (*See* R. 736: Def.'s Status Update, PageID 3990).  Gray also will be able to continue—if not augment—his mentorship of others while remaining under BOP supervision from the comforts of his home.  Under these circumstances, and given the expiration of Gray's term of BOP custody in less than five months, Gray cannot demonstrate that he is entitled to compassionate release.

4

Accordingly, the government respectfully requests that this Court deny Defendant Nathaniel Gray's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i).

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Megan R. Miller
    Megan R. Miller (OH: 0085522)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3855
    (216) 522-8355 (facsimile)
    Megan.R.Miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

           /s/ Megan R. Miller
           Megan R. Miller
           Assistant U.S. Attorney