UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:04-CR-00580 |
| Plaintiff, | OPINION & ORDER |
|  | [Resolving Doc. 714] |
| vs. |  |
| NATHANIEL GRAY, |  |
| Defendant. |  |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Nathaniel Gray requests a reduced sentence through compassionate release or in the alternative release through the Elderly Home Detention Program. Without responding to the merits of Gray's motion, the Government requested a 90-day stay.

For the reasons stated below, the Court **DENIES** Gray's motion for compassionate release, **DENIES** as moot Gray's motion for release under the Elderly Home Detention Program, and **DENIES** as moot the United States' request for a stay.[1]

I.    Background

A jury convicted Defendant Gray of various counts of bribery, fraud, and other crimes.[2] Defendant thereafter pled guilty to tax evasion.[3] On November 17, 2005, the Court sentenced Defendant Gray to 180-months imprisonment to be followed by three years of supervised release.[4] Following the Sixth Circuit's reversal of part of Gray's

---

[1] The Government requested a 90-day stay from the filing of the Gray's motion or until completion of review by BOP, whichever was earlier. As it has been more than 90 days since Gray's motion was filed, this request is now moot. Doc. 716 at 1.

[2] Doc. 501.

[3] Doc. 548.

[4] Doc. 605.

conviction, this Court resentenced Defendant Gray and imposed the same sentence.[5]

On January 7, 2019, Defendant Gray submitted a request to the Bureau of Prisons, ("BOP), for a reduced term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), the compassionate release program. To date, the Court is not aware of any determination from the BOP in response to Gray's request.

On May 15, 2019 Gray filed the current motion. With his motion, Defendant Gray seeks release from BOP custody through a reduction in his sentence under compassionate release.[6] In response, the Government seeks a 90-day stay to allow the BOP to first complete a review of Gray's request.

On August 22, 2019 the Court ordered the parties to provide an estimation of when BOP would complete its consideration of Defendant's compassionate release request. The Government's response confirmed that on June 17, 2019 BOP released Gray to home confinement pursuant to the Elderly Offender Pilot Program. The Government did not address the status of the BOP's consideration of Gray's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

On September 19, 2019 the Government represented that the BOP had considered Gray's request for compassionate release and found that Gray met the bases for compassionate release and BOP would "take no further action regarding Gray's request."[7]

---

[5] Doc. 707.

[6] Defendant Gray also requests release under the Elderly Offender Home Detention Program under 34 U.S.C. § 60541(g). This request has been mooted by his placement in the program in the months following his Motion for Release. Doc. 717. The Court notes, however, that even if this claim were not mooted, the Court does not have the authority to grant this form of relief. The Attorney General retains the sole discretion to determine eligibility and to release elderly prisoners under this program. *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D. N.C. Apr. 23, 2019) (collecting cases affirming that authority under the Elderly Offender Home Detention Program lies solely with the Attorney General).

[7] Doc. 737.

For the following reasons, the Court **DENIES** Defendant's motion for compassionate release.

## II. Discussion

Under the compassionate release statute, the Court may reduce the defendant's term of imprisonment upon a motion by the defendant.[8]  In order to do so, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[9]  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[10]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.

Gray does not satisfy the requirements of any of these categories.

## A. Medical Conditions

The Sentencing Commission's policy statement recognizes two medical condition categories that can qualify as an extraordinary and compelling release reasons.  Defendant Gray does not claim to have the first category- terminal illness.  Defendant Gray also does not have the second category of qualifying medical conditions- a medical condition that

---

[8] Specifically, 18 U.S.C. § 3582(c)(1)(A)(i) allows the Court to modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility receives such a motion from the defendant. Here, the warden of Defendant's facility received Defendant Gray's motion on January 7, 2019.

[9] 18 U.S.C. § 3582(a)(1)(A).  After the recent amendments to the compassionate release statute, allowing courts to review compassionate release motions without a BOP recommendation, courts have disagreed about the continued application of the Sentencing Commission policy statement.  While some courts consider the policy to be merely "helpful guidance" in light of the amendment, other courts still treat it as binding.  *United States v. Fox*, 2:14-cr-03-DBH, 2019 WL 3046086, at *2-3 (D. Maine July 11, 2019) (finding the policy to be helpful guidance but listing eight cases that have treated it as binding).  Although the Court denies Gray's request based upon the policy statement, the Court would also deny his request even under the position that the policy was not determinative.  Gray's only stated ground for release, rehabilitation, is prohibited by statute and the Court finds no other compelling reason to grant compassionate release.

[10] 18 U.S.C. § 3582(a)(1)(A).

"diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."

Gray does not argue that medical conditions entitle him to compassionate release. Instead, he argues that he qualifies for compassionate release due to his "remarkable acts in prison" and that release would also allow him to seek medical treatment.[11] Even construing this argument liberally as one for a reduced sentence on the basis of medical conditions, Gray has not shown eligibility.

Gray says that doctors have diagnosed him with atrial fibrillation, hypertension, and osteoarthritis in both knees.[12] He also says that he has chronic back pain due to sciatic nerve damage. Despite these issues, Gray's petition states that he "continues to work hard at his jobs."[13]

"Compassionate release due to a medical condition is an extraordinary and rare event."[14] Courts have considered conditions similar to Gray's to be insufficient to qualify for compassionate release.[15] Additionally, courts have denied requests for compassionate release on the grounds of medical conditions where the defendant, like Gray, has failed to provide medical records.[16]

Finally, Gray's current Elderly Home Detention Program release status does not stop him from seeking medical treatment and with his community release he no longer must

---

[11] Doc. 714 at 4.

[12] *Id.*

[13] *Id.*

[14] *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Miss. 2019).

[15] *United States v. Rivernider*, 3:10-cr-222(RNC), 2019 WL 3816671, at *3 (D. Conn. Aug. 14, 2019) (holding that a heart attack requiring bypass surgery and follow-up care was not sufficient to meet the medical conditions standard); *White*, 378 F.Supp.3d at 786-87 (W.D. Miss. 2019) (rejecting petitioner from defendant who was legally blind and has osteoarthritis in both knees).

[16] *United States v. Clark*, 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D. N.C. Mar. 5, 2019).

"provide self-care within the environment of a correctional facility."

Gray does not qualify for this medical condition release category.

### B. Age

The policy statement requires a defendant to be 65 years old to qualify for the age

category. Gray is 61 and does not qualify.

### C. Family Circumstances

Gray makes no arguments regarding his family that would entitle him to relief under

this category.[17]

### D. Other Reasons

The final category allows for compassionate release if "an extraordinary and

compelling reason other than, or in combination with, the reasons described" in the first

three categories exists.

Defendant Gray's motion relies solely on the argument that his "exemplary record"

in prison provides an extraordinary and compelling reason for his release.[18] However,

"rehabilitation of the defendant alone" cannot serve as the basis for compassionate

release.[19] As discussed *supra*, Gray fails to satisfy the first three categories, so none of

those reasons can be combined with his prison record to qualify Gray for release.

Gray has not presented any applicable reasons for the Court to grant release.

### E. Sentencing Factors

As Gray does not qualify for compassionate release under the "applicable policy

statements issued by the Sentencing Commission," the Court does not reach the issue of

---

[17] The policy considers "[t]he death or incapacitation of the caregiver of the defendant's . . . minor children" or "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver" to be the only extraordinary and compelling circumstances. Commentary to FSG § 1B1.13.

[18] Doc. 714 at 2.

[19] 28 U.S.C. § 994.

the sentencing factors under 18 U.S.C. § 3553.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's request for compassionate release pursuant under 18 U.S.C. § 3582(c)(1)(A)(i).  The Court also **DENIES** as moot Gray's motion for release under the Elderly Home Detention Program and **DENIES** as moot the United States' request for a stay.


IT IS SO ORDERED.


Dated:  September 20, 2019                    *s/        James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE